Caruthers, J.,
delivered the opinion of the Court.
The complainant and his wife, Letty, separated in 1845, and so continued until her death, in 1855. At the time of the separation, the complainant executed and delivered to her the instrument which follows:
*326 “Articles of agreement made and entered into, this 4th day of June, 1845, between Edmund Goodrich of the one part, and Letty Goodrich of the other part, both of the State of Tennessee, witnesseth; that the said Edmund Goodrich doth agree and hereby bind himself, his heirs, and executors, and administrators, in the penal sum of $1000, to be void on conditions, as follows: Whereas the said Edmund has this day executed his four promissory notes, one due 25th December, 1845, for $25, made payable to Zach. Bryant, for the exclusive use and benefit of said Letty; one other payable as above, due 1st May, 1846, for $25; one other payable as above, for $30, due 25th December, 1846; and one payable as above, for $300, due 25th December, 1847. Now, the said Edmund doth hereby bind himself, his heirs, executors, and administrators, that he never will set up any claim, to any property Letty (foodrich, his wife, may at any time he owner of, or possessed of.
“In testimony whereof, the said Edmund hath hereunto set his hand and seal.
“Edm. GOODRICH, [d. s.]
The only question is, whether the complainant was entitled, as husband, to the part of the fund thus settled upon her, or the property in which it was vested, remaining at her death, according to the above deed of settlement, or against it. This would certainly be so, as they were never divorced, if he is not precluded by his deed. But the first position assumed is, that the deed is void because made in favor of the wife, and without a trustee. Whatever the law may have at one ■time been on this question, it is certainly well settled now, and ■ has been for a century, to • the contrary. 2 *327 Story’s Eq., sec. 1880. In our own reports there are many accordant cases, and none in conflict. Of the validity of the settlement upon the wife, then, there can he no doubt. But still, unless he has excluded, or estopped himself, he would be entitled to the property left at her death, and particularly if she has made no valid disposition of it. This it is insisted she did before her death, by contract, to the defendant. With that question, however, we will have nothing to do now, as it is enough for this case to hold, as we now do, that the complainant has no valid claim. To whom the property goes by law, or contract with her, or under any disposition made by her, is not material ■ now to consider. This is not a deed providing for a separation, and makes no reference to that, as a past or future event, and is not, therefore, liable to the objection on the ground of policy, that is held in some of the cases to apply to that kind of deeds. It is simply a settlement of property to the separate use of the wife, with an obligation on his part never to set up any claim to it. If this could be so construed as to be confined to the continuance of the coverture, his right would revive at her death, and this bill could be maintained, but the terms used are too strong to be so limited, and must extend to all time, and amounts to an entire relinquishment of all right to that, or any other property she may acquire. The separation having occurred, the object on his part was to set over to his wife absolutely, that part of his estate, and she so recovered and held it. As an evidence of this being the intention and understanding of the parties, some agreement seems to have existed, whether binding or not, that she was never to *328 claim any further part of his estate. Let this he as it may, the complainant cannot he permitted to “set up any claim” to the property in the face of his deed, solemnly executed. The cases of Loftus vs. Penn, 1 Swan, 450, and Hamrico vs. Laird, 10 Yerg., 222, though not precisely similar in their facts, to this case, set forth principles which sustain the view we have taken. Indeed, the main, if not the only object of this deed, must have heen to exclude his right to the property absolutely and finally, as his notes for the fund provided were made to a trustee, for her separate use and benefit, and by that secured to the wife for life without the necessity of any further writing from him. But it is a question of construction rather than intention. Yet upon either ground the result would be the same.
The decree dismissing the bill is affirmed.